UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

JOHN KELSEY and TIMOTHY WRIGHT,
both individually and on behalf of a class of others
similarly situated,

                Plaintiffs,                Index No. 04-CV-

   -against-

THE COUNTY OF SCHOHARIE,
JOHN S. BATES, JR., both individually and in his
official capacity as Sheriff of the County of
Schoharie, and JIM HAZZARD, both individually    **CLASS ACTION COMPLAINT**
and in his capacity as Administrator of the                               **JURY TRIAL DEMANDED**
Schoharie County Jail,

                Defendants.
_____

## **INTRODUCTION**

1.     This is a class action brought to redress the Defendants' violation of the Plaintiffs' and proposed Class members' Constitutional rights. The Schoharie County Sheriff's Department has a policy and/or practice of strip searching all individuals who enter the Schoharie County Jail, regardless of the crime upon which they are charged. Upon information and belief, this policy is part of the written procedures of the Schoharie County Sheriff's Department, and was promulgated by senior Department officials; specifically, Defendants Sheriff John S. Bates and

Schoharie County Jail Administrator Jim Hazzard. It is clearly established law in this judicial circuit that individuals charged with misdemeanors, violations, or held on civil matters cannot be strip searched absent individual, reasonable suspicion that they possess weapons or contraband. Thus, the Defendants have maintained and implemented an unconstitutional strip search policy at the Schoharie County Jail.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under the provisions of 28 U.S.C. §§ 1331 and 1343 because it is filed to obtain compensatory damages, punitive damages, and injunctive relief for the deprivation, under color of state law, of the rights of citizens of the United States secured by the United States Constitution and Federal law pursuant to 42 U.S.C. § 1983. This Court also has jurisdiction over this action under the provisions of 28 U.S.C. §2201, as it is filed to obtain declaratory relief relative to the constitutionality of the policies of a local government.

3. Venue in this district is proper under 28 U.S.C. § 1391(e)(2) because the events giving rise to Plaintiffs' claims and those of proposed class members occurred in this judicial district.

## PARTIES

4. Plaintiff John Kelsey ("Kelsey") is 33 years old and resides in Cohoes, NY. On or about October 16, 2002, Kelsey, after appearing in Albany County Family Court on a child support matter, was arrested for a civil violation of the New York Family Court Act. Kelsey was held in the Schoharie County Jail because he worked, and continues to work, as a corrections officer in the Albany County Jail.

5. Plaintiff Timothy Wright ("Wright") resides in Bennington, Vermont. On or about September 16, 2003, Wright was arrested for misdemeanor Driving While Intoxicated and held

overnight at the Schoharie County Jail.

6. Defendant County of Schoharie (the "County") is a county government organized and existing under the laws of the State of New York. At all times relevant hereto, the County, acting through its Sheriff's Department, was responsible for the policies, practices, supervision, implementation and conduct of all matters pertaining to the Schoharie County Jail and was responsible for the appointment, training, supervision and conduct of all Sheriff's Department personnel, including those working in the Schoharie County Jail ("SCJ"). In addition, at all relevant times, the County was responsible for enforcing the rules of the SCJ, and for ensuring that Sheriff's Department personnel employed in the Jail obeyed the Constitution and laws of the United States and of the State of New York.

7. Defendant John F. Bates Jr. ("Bates") is the duly elected Sheriff of Schoharie County, and, as such, is a policy maker with respect to the treatment of pre-trial and other detainees held at the SCJ. Sheriff Bates' principal place of business is 157 Depot Lane, Schoharie, New York, and he is made a Defendant in this action in both his individual and official capacities.

8. Defendant Jim Hazzard ("Hazzard") is a Lieutenant in the Schoharie County Sheriff's Department and is the Administrator of the Schoharie County Jail. As such, Hazzard is a policy maker with respect to the treatment of pre-trial and other detainees over which the SCJ exercises custodial or other control. Bates' principal place of business is 157 Depot Lane, Schoharie, New York, and he is made a Defendant in this action in both his individual and official capacities.

## CLASS ACTION ALLEGATIONS

9. Plaintiffs bring this action pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of themselves and a class of similarly situated individuals who were

charged with misdemeanors, violations, or held on civil matters and were strip searched upon their entry into the Schoharie County Jail.

The class that Plaintiffs seek to represent is defined as follows:

> All persons in the United States who have been or will be placed into the custody of the Schoharie County Jail after being charged with misdemeanors, violations or held on civil matters and were or will be strip searched upon their entry into the Schoharie County Jail pursuant to the policy, custom and practice of the Schoharie County Sheriff's Department and the County of Schoharie. The class period commences on March 19, 2001, and extends to the date on which the Schoharie County Sheriff's Department and/or the County of Schoharie are enjoined from, or otherwise cease, enforcing their unconstitutional policy, practice and custom of conducting strip searches absent reasonable suspicion.

Specifically excluded from the proposed class are Defendants, and all of their respective affiliates,

legal representatives, heirs, successors, employees or assignees.

10. This action has been brought and may properly be maintained as a class action under Federal law and satisfies the numerosity, commonality, typicality and adequacy requirements for maintaining a class action under Fed. R. Civ. P. 23(a).

11. The members of the class are so numerous as to render joinder impracticable. Upon information and belief, there are hundreds of people arrested for misdemeanors, violations, and on civil matters who are placed into the custody of the Schoharie County Jail every year, all whom are members of the proposed class. Upon information and belief, the size of the proposed class totals at least 750 individuals, some of whom have had their civil rights violated on multiple occasions.

12. Joinder of all of these individuals is impracticable because of the large number of class members and the fact that class members are likely to be dispersed over a large geographical

area, with some members presently residing outside of Schoharie County and this Judicial District.  Furthermore, upon information and belief, many members of the class are low-income persons, may not speak English, and likely would have great difficulty in pursuing their rights individually.

13.     Common questions of law and fact exist as to all members of the Class, in that they all had their right to be free from unreasonable searches violated by Defendants' conducting strip searches absent particularized suspicion.  All members of the class were charged with misdemeanors, violations, or were held on civil matters when placed into the custody of the Schoharie County Jail, and all were illegally strip searched in violation of the clearly established law in this judicial circuit.

14.     Plaintiffs' claims are typical of the claims of the members of the Class.  Plaintiffs and all members of the class sustained damages arising out of Defendants' course of conduct.

15.     The harms suffered by the Plaintiffs are typical of the harms suffered by the class members.

16.     The representative Plaintiffs have the requisite personal interest in the outcome of this action and will fairly and adequately protect the interests of the Class.

17.     Plaintiffs have no interests that are adverse to the interests of the members of the Class.

18.     Plaintiffs have retained counsel who has substantial experience and success in the prosecution of class action and civil rights litigation.

19.     The named Plaintiffs are being represented by Elmer Robert Keach, III, along with Bruce Menken and Jason Rozger of Berenbaum Menken & Ben-Asher LLP.  Mr. Keach is an experienced civil rights and class action attorney who has litigated a wide variety of civil rights

actions before this Court, and has litigated class action lawsuits in state and federal courts in five states.  Mr. Keach has successfully litigated a strip search case against the Troy City Police Department, and has previously litigated two other cases against the Schoharie County Sheriff's Department, including one on behalf of a sixteen year old girl raped by a Corrections Officer.

20.     Bruce Menken and Jason Rozger are both experienced civil rights attorneys from New York City, having litigated scores of civil rights cases against a number of Defendants, including one prison brutality case presently pending in this District.  Mr. Menken and Mr. Rozger have successfully represented many victims of illegal strip searches, including two who opted out of the recent class action litigation against the City of New York.  In addition, all of Plaintiff's attorneys represent proposed class actions against two other local jails over their strip search policies that are pending in this district.  On one of those cases, a settlement in principle has been reached, subject to approval by the court.

21.      Counsel for Plaintiffs know of no conflicts among members of the class, or between counsel and members of the class.

22.     This action, in part, seeks declaratory and injunctive relief.  As such, the Plaintiffs' seek class certification under Fed. R. Civ. P. 23(b)(2), in that all class members were subject to the same policy requiring the illegal strip searches of individuals charged with misdemeanor or minor crimes and placed into the custody of the Schoharie County Jail.  In short, the Defendants acted on grounds generally applicable to all class members.

23.      In addition to certification under Rule 23(b)(2), and in the alternative, Plaintiffs seek certification under Rule 23(b)(3).

24.      Common questions of law and fact exist as to all members of the Class, and predominate

over any questions that affect only individual members of the Class. These common questions of law and fact include, without limitation, the common and predominate question of whether the Defendants' policy of strip searching all individuals charged with misdemeanors or minor crimes and committed to the Schoharie County Jail is a violation of the Fourth and Fourteenth Amendments to the United States Constitution.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all of the individual members of the class is impracticable given the large number of class members and the fact that they are dispersed over a large geographical area. Furthermore, the expense and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them. The cost to the federal court system of adjudicating hundreds of individual cases would be enormous. Individualized litigation would also magnify the delay and expense to all parties and the court system. By contrast, the conduct of this action as a class action in this District presents far fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each member of the Class.

26. Upon information and belief, there are no other actions pending to address the Defendants' flagrant violation of the civil rights of thousands of individuals.

27. The Fourth Amendment of the United States Constitution prohibits state officials, such as the Individual Defendants in this action, from performing strip searches of arrestees who have been charged with misdemeanors, violations, or are held on civil matters unless the officer has reasonable suspicion to believe that the arrestee is concealing a weapon or contraband.

28. Upon information and belief, the Defendants maintain a policy, custom or practice of

strip searching all individuals who enter the custody of the Schoharie County Jail, regardless of the nature of their charged crime and without the presence of reasonable suspicion to believe that the individual was concealing a weapon or contraband.

29. The Defendants know that they may not institute, enforce or permit enforcement of a policy or practice of conducting strip searches without particularized, reasonable suspicion. This judicial circuit has stated repeatedly that state officials may not strip search individuals charged with misdemeanors or violations absent particularized, reasonable suspicion, with this principle being clearly established in 1986 in *Weber v. Dell,* 804 F.2d 796 (2d Cir. 1986).

30. The Defendants' policy, practice and custom mandating wholesale strip searches of all misdemeanor and violation arrestees has been promulgated, effectuated and/or enforced in bad faith and contrary to clearly established law.

31. Upon information and belief, not only is the policy of strip searching illegal, but the manner in which individuals are searched is also impermissible. For example, upon information and belief, individuals are strip searched in a public area and in the presence of multiple corrections officers, jail employees and other arrestees, including arrestees of the opposite gender.

## FACTS APPLICABLE TO NAMED PLAINTIFFS

32. Kelsey's experience is representative of the class members'. On or about October 16, 2002, Kelsey was in Albany Family Court on a child support matter. After appearing in Family Court, Kelsey was charged with a civil violation of the Family Court Act, and arrested.

33. Because Kelsey works as a corrections officer in the Albany County Jail, he was taken to the Schoharie County Jail.

34. Upon arrival at the SCJ, Kelsey was taken to the booking area, which is in full view of all of the SCJ's holding cells.

35. Once in the booking area, Kelsey was ordered by a SCJ corrections officer to remove all of his clothing and hand those clothes to the officer. Kelsey complied.

36. Once Kelsey had stripped naked, the corrections officer inspected Kelsey's naked body and searched the clothing that Kelsey was wearing.

37. The corrections officer then gave Kelsey a jail uniform to put on.

38. On this particular occasion, there was no reasonable suspicion to believe that Mr. Kelsey was concealing a weapon or other contraband. Indeed, no inquiry was made of Mr. Kelsey that could have given rise to the requisite reasonable suspicion.

39. Moreover, because Kelsey had already been in the custody of police officers from the City of Albany, the corrections officer in question knew or should have known that Kelsey had already been subjected to a search incident to arrest that would have revealed any weapons or contraband.

40. Timothy Wright's experience is representative as well. On or about September 16, 2003, Wright was arrested for Driving While Intoxicated, a misdemeanor under New York's Vehicle and Traffic Law, and taken to the Schoharie County Jail.

41. Upon arrival at the SCJ, Wright was taken to the booking area, which is in full view of all of the SCJ's holding cells.

42. Once in the booking area, Wright was ordered by a SCJ corrections officer to remove all of his clothing and hand those clothes to the officer. Wright complied.

43. Once Wright had stripped naked, the corrections officer inspected Wright's naked body

9

and searched the clothing that Wright was wearing.

44. The corrections officer then gave Wright a jail uniform to put on.

45. On this particular occasion, there was no reasonable suspicion to believe that Mr. Wright was concealing a weapon or other contraband. Indeed, no inquiry was made of Mr. Wright that could have given rise to the requisite reasonable suspicion, and nothing of the circumstances of the arrest or the nature of the crime charged gave rise to such reasonable suspicion.

## CAUSES OF ACTION

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAW**

46. Plaintiffs incorporate by reference and reallege each and every allegation stated in paragraphs 1 through 45.

47. The Fourth Amendment of the United States Constitution protects citizens from unreasonable searches by law enforcement officers, and prohibits officers from conducting strip searches of individuals arrested for misdemeanors, violations, or on civil matters absent some individual, particular suspicion that the individual in question has either contraband or weapons.

48. The actions of Defendants detailed above violated Plaintiffs' rights under the United States Constitution.

49. It was not objectively reasonable for the Defendants to maintain a policy of strip searching Plaintiffs and class members.

50. These strip searches were conducted pursuant to the policy, custom or practice of the Defendants. As such, the Defedants are directly liable for the damages of the named Plaintiffs and members of the Class.

51.     Upon information and belief, Defendants Bates and Hazzard are responsible for establishing the policies and procedures to be utilized in the operation of the Schoharie County Jail, and are responsible for the implementation of the unconstitutional strip search policy and/or practice.  As such, Bates and Hazzard are each individually responsible for the damages of the named Plaintiffs and members of the Class.

52.     Bates and Hazzard knew that the SCJ's strip search policy was illegal, and acted willfully, knowingly, and with specific intent to deprive Plaintiffs and members of the Class of their Constitutional rights.

53.     This conduct on the part of all Defendants represents a violation of 42 U.S.C. § 1983, given that their actions were undertaken under color of state law.

54.     As a direct and proximate result of the unconstitutional acts described above, Plaintiffs have been irreparably injured.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS: DEMAND FOR DECLARATORY JUDGEMENT

55.     Plaintiffs incorporate by reference and reallege each and every allegation stated in paragraphs 1 through 54.

56.     The policy, custom and practice of the Defendants is clearly unconstitutional, in that these entities and individuals are directing/conducting the strip searches of all individuals placed into the Schoharie County Jail without any particularized suspicion that the individuals in question have either contraband or weapons.

57.     Plaintiffs and members of the Class request that this Court issue a declaratory judgment, and that it declare the strip search policy of the County of Schoharie and the Schoharie County

Sheriff's Department to be unconstitutional.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS: DEMAND FOR A PRELIMINARY AND PERMANENT INJUNCTION

58.   Plaintiffs incorporate by reference and reallege each and every allegation stated in paragraphs 1 through 57.

59.   The policy, custom and practice of the Defendants is clearly unconstitutional, in that these entities and individuals are directing/conducting the strip searches of all individuals placed into the Schoharie County Jail without any particularized suspicion that the individuals in question have either contraband or weapons.

60.   Upon information and belief, this policy is currently in place at the Schoharie County Jail, with new and/or prospective members of the Class being subjected to the harms that have already been inflicted upon the named Plaintiffs.

61.   The continuing pattern of strip searching individuals charged with minor crimes will cause irreparable harm to the new and/or prospective members of the Class, as well as the named Plaintiffs should they ever be arrested again, for which an adequate remedy does not exist at law.

62.   Plaintiffs demand that the Defendants immediately desist from strip searching individuals placed into the custody of the Schoharie County Jail absent any particularized suspicion that the individuals in question have either contraband or weapons, and seek both a preliminary and permanent injunction from this Court ordering as much.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS JOHN S. BATES JR. and JIM HAZZARD: DELIBERATE INDIFFERENCE TO TRAINING AND SUPERVISION

63. Plaintiffs incorporate by reference and reallege each and every allegation stated in paragraphs 1 through 62.

64. The above Defendants were deliberately indifferent in the training and supervision of the individual officers employed at the Schoharie County Jail, in that Defendants were deliberately indifferent in discharging their duty to make sure that any strip searches conducted at the Schoharie County Jail were performed only in circumstances permitted by the United States Constitution.

65. The above Defendants knew, or should have known, that unconstitutional strip searches were, or were likely to be, taking place in the Schoharie County Jail.

66. Despite this knowledge the above Defendants did not act to stop these unconstitutional practices from occurring.

67. This conduct on the part of all Defendants represents a violation of 42 U.S.C. § 1983, given that their actions were undertaken under color of state law.

68. As a direct and proximate result of the unconstitutional acts described above, Plaintiffs have been irreparably injured.

## DEMAND FOR TRIAL BY JURY

69. The Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs John Kelsey and Timothy Wright, on behalf of themselves and on behalf of a class of others similarly situated, request that this Honorable Court grant them the following relief:

An order certifying this action as a class action pursuant to Fed. R. Civ. P. 23.

A judgment against all Defendants, jointly and severally on Plaintiffs' First Cause of Action detailed herein, awarding Compensatory Damages to each named Plaintiff and each member of the proposed class.

A judgment against Defendants John S. Bates Jr. and Jim Hazzard for punitive damages.

A declaratory judgment against all Defendants declaring the County of Schoharie and the Schoharie County Sheriff's Department's policy, practice and custom of strip and visual cavity searching all detainees entering the Schoharie County Jail, regardless of the crime charged or suspicion of contraband, to be unconstitutional and improper.

A preliminary and permanent injunction enjoining Defendants from continuing to strip search individuals charged with misdemeanors, violations or arrested on civil matters absent particularized, reasonable suspicion that the arrestee subjected to the search is concealing weapons or other contraband.

A monetary award for attorney's fees and the costs of this action, pursuant to 42 U.S.C. § 1988, and

Such other relief as the Court finds just and proper.


Dated:  March 17, 2004
        Albany, New York


                                        /S/
                                        Jason J. Rozger
                                        USDC, NDNY Bar Roll Number 105874
                                        Bruce E. Menken
                                        USDC, NDNY Bar Roll Number 104942

BERANBAUM MENKEN & BEN-ASHER LLP
Three New York Plaza
New York, NY 10004
Telephone: 212.509.1616
Telecopier: 212.509.8088
Electronic Mail: jrozger@bmbf.com

Elmer Robert Keach, III
USDC, NDNY Bar Roll Number 601537
One Steuben Place
Albany, NY 12207
Telephone: 518.434.1718
Telecopier: 877.471.3092
Electronic Mail: bobkeach@keachlaw.com

ATTORNEYS FOR PLAINTIFFS AND PROPOSED CLASS