UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHN KELSEY and TIMOTHY WRIGHT,

                      Plaintiffs,

  -against-                                  1:04-CV-299
                                                            (LEK/DRH)

COUNTY OF SCHOHARIE; JOHN S.
BATES, JR.; and JIM HAZZARD,

                      Defendants.

## MEMORANDUM-DECISION AND ORDER[1]

### I. Background

Plaintiffs John Kelsey and Timothy Wright ("Plaintiffs") filed this lawsuit on behalf of "themselves and a class of similarly situated individuals who were charged with misdemeanors, violations, or held on civil matters and were strip searched upon their entry into the Schoharie County Jail." Complaint (Dkt. No. 1) at 3-4. Plaintiffs are claiming violations of their constitutional rights and the Fourth and Fourteenth Amendments to the United States Constitution, at the hands of the Defendants.[2] Id. at 1, 7. The case was assigned to the undersigned, and to the Honorable David R. Homer, United States Magistrate Judge, for pre-trial matters.

On July 27, 2004, Magistrate Judge Homer issued a Uniform Pretrial Scheduling Order, which was amended March 4, 2005, setting, *inter alia*, the deadline for applications for amendments

---

[1] For printed publication in the Federal Reporter.

[2] But, note that Plaintiffs have stated that they are not seeking punitive damages from the County of Schoharie. Mem. of Law in Opp. to Defts' Motion for Leave to Amend Answer ("Plntfs' Mem. in Opp.") (Dkt. No. 38) at 3 (citing Complaint (Dkt. No. 1) at 13).

of pleadings at November 1, 2004, and the deadline for completion of discovery at July 1, 2005. Dkt. Nos. 12 & 33. On June 1, 2005, Defendants moved before Judge Homer for leave to file an Amended Answer, pursuant to Federal Rule of Civil Procedure 15, to set forth an Eighth Affirmative Defense at paragraph 39 of said pleading. Dkt. No. 37. The Amended Answer would read, at the relevant paragraph 39: "Plaintiffs' claim for compensatory damages is barred by the Prisoner [*sic*] Litigation Reform Act ("PRLA") [*sic*], 42 USC §1997 et. seq." Proposed Amended Answer (Dkt. No. 37) at 8. Defendants also moved for sanctions under Federal Rule of Civil Procedure 11, requesting attorneys fees and costs associated with the motion to amend their Answer.[3] Dkt. No. 37. Plaintiffs opposed Defendants' motion to amend the Answer. Plntfs' Mem. in Opp. (Dkt. No. 38).

On August 5, 2005, Judge Homer issued a Memorandum-Decision and Order, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Local Rules 72.1 & 72.2 of the Northern District of New York, in which he denied Defendants' Motion. Decision & Order (Dkt. No. 40). Judge Homer determined, among other things, that § 1997e(e) is inapplicable to this case, and therefore the proposed amendment containing the affirmative defense would be futile.

Defendants have objected to Judge Homer's Decision and Order pursuant to Local Rule 72.1(b) (Dkt. No. 41), and Plaintiffs have submitted papers in opposition to Defendants' objections (Dkt. No. 59). The matter having been fully briefed, this Court now decides the appeal. For the

---

[3] Although Defendants made a motion for Rule 11 sanctions in their Motion to Amend (Dkt. No. 37), and Plaintiffs addressed the issue in their opposition papers (Dkt. No. 38), Judge Homer did not address the Rule 11 sanctions issue in his Memorandum-Decision and Order (Dkt. No. 40). Although Plaintiffs mention that Judge Homer denied Defendants' Rule 11 sanctions motion *sub silentio* (Dkt. No. 59 at 1 n.1), Defendants do not raise an objection. Therefore, this Court will not address the issue of Rule 11 sanctions on this appeal.

2

following reasons, Defendants' objections are overruled. Judge Homer's Memorandum-Decision and Order is affirmed in its entirety. Defendants will not be permitted to amend their Answer.

## II. Discussion

### A. Standards of Law

Judge Homer's Memorandum-Decision and Order concerned a non-dispositive, pre-trial motion, and as such this Court reviews the magistrate judge's findings to determine if they are clearly erroneous or contrary to law. 28 U.S.C. § 636(b); FED. R. CIV. P. 72(a); Cauley v. Ingram Micro, Inc., 216 F.R.D. 245 (W.D.N.Y. 2003); World Wrestling Fed'n Entm't, Inc. v. William Morris Agency, Inc., 204 F.R.D. 263 (S.D.N.Y. 2001) ("An order is 'clearly erroneous' only when '"the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."'...An order is 'contrary to law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'") (citations omitted); Precisionflow Tech., Inc. v. CVD Equip. Corp., 140 F. Supp. 2d 195, 197-198 (N.D.N.Y. 2001) (Mordue, D.J.; Homer, M.J.) ("this Court must review [the Magistrate Judge's] Memorandum-Decision and Order under the 'clearly erroneous or contrary to law' standard of review....This standard affords magistrate judges broad discretion in resolving non-dispositive disputes, thus reversal is appropriate only if the discretion is abused.") (citing, *inter alia*, Thomas E. Hoar Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990)).

Under Federal Rule of Civil Procedure 15 - Amended and Supplemental Pleadings - the Second Circuit has stated that the Rule "provides that 'a party may amend the party's pleading...by leave of court...and leave shall be freely given when justice so requires.' A district court has broad

3

discretion to decide whether to grant leave to amend, a decision that we review for an abuse of discretion....Furthermore, where amendment would be futile, denial of leave to amend is proper." In re Tamoxifen Citrate Antitrust Litig., No. 03-7641, 2005 WL 2864654, at *28 (2d Cir. Nov. 2, 2005) (citing, *inter alia*, Van Buskirk v. N.Y. Times Co., 325 F.3d 87, 91-92 (2d Cir. 2003)).  In addition, "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded....In the absence of any apparent or declared reason--such as undue delay, bad faith...on the part of the movant,...futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'  Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion". Foman v. Davis, 371 U.S. 178, 181-182 (1962).  See also Local 802, Assoc. Musicians of Greater New York v. Parker Meridien Hotel, 145 F.3d 85, 89 (2d Cir. 1998).  Thus, both the magistrate judge and the undersigned have broad discretion to grant or deny a motion to amend the pleadings.

Separately, the relevant portion of the Prison Litigation Reform Act ("PLRA") states as follows: "(e) Limitation on recovery[.]  No Federal civil action may be brought by a *prisoner confined in a jail, prison, or other correctional facility*, for mental or emotional injury suffered while in custody without a prior showing of physical injury." PLRA, 42 U.S.C. § 1997e(e) (emphasis added).  And, the term "prisoner" has been defined as: "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or

4

diversionary program." PLRA, 42 U.S.C. § 1997e(h). See also Greig v. Goord, 169 F.3d 165, 166 (2d Cir. 1999) (per curiam).

### B. *Amendment of the Pleadings*

First, it should be noted that the motion to amend the pleadings was not made until June 1, 2005 - a full seven months after the November 1, 2004, deadline set by the Court in the Scheduling Order. However, Judge Homer rejected Plaintiffs' untimeliness arguments for the reasons presented by the Defendants in Defendants' Memorandum of Law (Dkt. No. 37) at pages 2-6. Therefore, that issue aside, Judge Homer evaluated the merits of the motion to amend. At issue is the futility of the proposed amendment, and the applicability, or lack thereof, of § 1997e(e) of the PLRA to this case.

The PLRA was passed by Congress, with the purpose of "curtail[ing] what Congress perceived to be inmate abuses of the judicial process." Ortiz v. McBride, 380 F.3d 649, 658 (2d Cir. 2004) (with citations); Greig, 169 F.3d at 167. As Judge Homer observed, if a litigant is no longer incarcerated at the time the action is brought, they do not fall within the category of litigant with which Congress was concerned - incarcerated plaintiffs who bring civil actions for recreation. As support for finding § 1997e(e) inapplicable to the case at bar, Judge Homer cites case law from around the country that has found § 1997e(e) to apply only to those litigants who are still incarcerated when filing their claims. See, *inter alia*, Harris v. Garner, 216 F.3d 970 (11th Cir. 2000) (en banc); Kerr v. Puckett, 138 F.3d 321 (7th Cir. 1998) (Easterbrook, J.) (plaintiff avoided application of § 1997e(e) by waiting until after release to file suit; there is no "wiggle room", and "prisoner" and "ex-prisoner" are not interchangeable); Smith v. Franklin County, 227 F. Supp. 2d 667 (E.D. Ky. 2002); Doan v. Watson, 168 F. Supp. 2d 932 (S.D. Ind. 2001); Lee v. State of New

York Dep't of Correctional Servs., No. 97 Civ. 7112(DAB), 1999 WL 673339 (S.D.N.Y. Aug. 30, 1999). In fact, both the Second and Eighth Circuits have expressly found that the PLRA does not apply to cases where a plaintiff is no longer incarcerated or detained. See Greig, 169 F.3d at 167 (addressing exhaustion requirement of § 1997e(a), which uses language like that of § 1997e(e) - "litigants--like Greig--who file prison condition actions after release from confinement are no longer 'prisoners' for purposes of § 1997e(a) and, therefore, need not satisfy the exhaustion requirements of this provision."); Doe By and Through Doe v. Washington County, 150 F.3d 920, 924 (8th Cir. 1998) ("When he filed this complaint, [Plaintiff/Appellee] was neither incarcerated nor detained in any jail, prison, or correctional facility. The PLRA unambiguously applies to only those suits filed by prisoners. [Plaintiff/Appellee] was not a prisoner, and the PLRA therefore does not apply to his case....Congress...fully intended to distinguish between those who are 'prisoners' when they decide whether to file a complaint and those who are not."). If a litigant, by a fortuitous turn of events, is released from jail or prison prior to commencing an action, § 1997e(e) does not apply to the claims.

Additionally, decisions of other districts, like the Southern District of New York (Cox v. Malone, 199 F. Supp. 2d 135 (S.D.N.Y. 2002), and Lipton v. County of Orange, 315 F. Supp. 2d 434 (S.D.N.Y. 2004)), or split decisions of other districts, like the Southern District of Indiana (compare Doan v. Watson, 168 F. Supp. 2d 932 (S.D. Ind. 2001), with Zehner v. Trigg, 952 F. Supp. 1318 (S.D. Ind. 1997)) are not binding upon a judge in the Northern District of New York. The District Court in Cox advanced the following reasoning:

> Section 1997e(a) is a *procedural* requirement requiring prisoners to fully exhaust their claims within the prison system before bringing a federal action. It makes no sense to apply this procedural requirement to former inmates who can no longer avail themselves of prison grievance procedures. Section 1997e(e), on the other hand, is a *substantive* limitation on the type of actions that can be brought by prisoners. Its purpose is to weed out frivolous claims

6

> where only emotional injuries are alleged. This purpose is accomplished whether section 1997e(e) is applied to suits brought by inmates incarcerated at the time of filing or by former inmates incarcerated at the time of the alleged injury but subsequently released. The fortuity of release on parole does not affect the kind of damages that must be alleged in order to survive the gate-keeping function of section 1997e(e). Because plaintiff's suit alleges only emotional injuries, it is barred by the PLRA irrespective of his status as a parolee at the time of filing.

Cox, 199 F. Supp. 2d at 140 (emphasis by the Court). However, when the same language is used in different sections of the same statute, there can be a presumption that the language has the same meaning.

> Undoubtedly, there is a natural presumption that identical words used in different parts of the same act are intended to have the same meaning....But the presumption is not rigid and readily yields whenever there is such variation in the connection in which the words are used as reasonably to warrant the conclusion that they were employed in different parts of the act with different intent. Where the subject-matter to which the words refer is not the same in the several places where they are used, or the conditions are different, or the scope of the legislative power exercised in one case is broader than that exercised in another, the meaning well may vary to meet the purposes of the law, to be arrived at by a consideration of the language in which those purposes are expressed, and of the circumstances under which the language was employed.

Atl. Cleaners & Dyers v. United States, 286 U.S. 427, 433 (1932) (Sutherland, J.) (citations omitted). Furthermore, aside from the PLRA itself not seeming to draw distinctions between the language concerning "prisoner[s] confined" in its various sections - as Plaintiffs rightly argue (see Dkt. No. 59 at 9) - the language of the statute appears to be clear, as has been addressed by other courts cited by the parties and Judge Homer. If the language of a statute is unambiguous, courts generally should not look beyond that language to interpret the application of the provisions. See Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-254 (1992) (Thomas, J.) ("In any event, canons of construction are no more than rules of thumb that help courts determine the meaning of legislation, and in interpreting a statute a court should always turn first to one, cardinal canon before

7

all others. We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there....When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'") (citations omitted). The exceptions enumerated by the Atlantic Cleaners Court, *supra*, are not, in this Court's opinion, present in the case at bar.

In light of the similarity of the statutory language of § 1997e(a) and § 1997e(e) and the congressional authority, in light of the statutory language and Congressional intent addressed by the many other courts that have decided this issue, and in the face of opposing case law from around the country, this Court rejects the reasoning presented by Cox. And, the decision of the Second Circuit in Cox v. Malone, 56 Fed. Appx. 43, 2003 WL 366724 (2d Cir. 2003), is also not binding precedent upon a judge in this District since the following is explicitly printed at the top of the opinion: "THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT...." . Cox, 56 Fed. Appx. 43, 2003 WL 366724. Although those decisions are persuasive, so is the wealth of case law from the rest of the nation, discussed by the parties and Judge Homer, finding that § 1997e(e) does not act to bar claims made by former prisoners who are no longer incarcerated at the time they bring/file their federal claims. Therefore, Judge Homer, not being bound by the limited persuasive authority within this Circuit, correctly evaluated the issues presented by way of considering the opinions of courts from around the country that are on-point.

Defendants have argued that leave to amend should be freely given if they have raised "at least colorable grounds for relief", and that given the Cox decision and the fact that the Second Circuit has not ruled on § 1997e(e) in the context of non-incarcerated plaintiffs in a published

8

opinion, Defendants' arguments address an "open question" and are therefore "colorable". Defts' Obj. (Dkt. No. 41) at 3 (citing, *inter alia*, Dow Corning Corp. v. Chem. Design, Inc., 3 F. Supp. 2d 361, 364 (W.D.N.Y. 1998); S.S. Silberlatt, Inc. v. E. Harlem Pilot Block Bldg. 1 Hous. Dev. Fund Co., 608 F.2d 28, 42 (2d Cir. 1979)). "Colorable", when used as a description of a claim or defense, has two general meanings, the more common of which in the present context is: "appearing to be true, valid, or right". The other meaning, from legal tradition, is: "[i]ntended to deceive; counterfeit". BLACK'S LAW DICTIONARY 282 (8th ed. 2004). See also BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am., 132 F.3d 824, 832 n.4 (1st Cir. 1997); State of Missouri ex rel. Pemiscot County v. W. Sur. Co., 51 F.3d 170, 173 n.2 (8th Cir. 1995). In this case, if PLRA § 1997e(e) would not be applicable to bar the claims of the Plaintiffs, then it would appear, without having to reach the actual merits of Defendants' defense under PLRA § 1997e(e), that Defendants' proposed affirmative defense would not be colorable - not "appearing...valid". It would be like claiming self-defense to a robbery charge - the defense is inapplicable in the given context, however "colorable" it might be in another context. Considering the Second Circuit's decision in Greig, and given the wealth of settled case law on the PLRA from other parts of the nation, it does not appear that Defendants' arguments are valid. Thus, Defendants' arguments fail on this point.

Furthermore, Defendants argue that their amendment adding an affirmative defense under § 1997e(e) of the PLRA would not be futile because it is possible that the class, if and when certified, could include individuals who are incarcerated - thus making § 1997e(e) applicable to those plaintiffs. See Defts' Obj. (Dkt. No. 41) at 3-4. But, Defendants' argument fails. True, this class action has not yet been certified by the Court. But, "prior to class certification pursuant to

9

Fed.R.Civ.P. 23, the only plaintiff before the court is the representative party." Macro v. Indep. Health Assoc., Inc., 180 F. Supp. 2d 427, 437 (W.D.N.Y. 2001) (citing Berthelot v. Stallworth, No. Civ.A. 99-3618, 2000 WL 222155 (E.D. La. Feb. 8, 2000) (concerning exercise of federal jurisdiction over claims)). Indeed, the general claims of the representative parties are of primary importance, as well. For example, the Second Circuit has held that if the claims of the named plaintiffs are found to be moot prior to class certification, the entire action is mooted. See Comer v. Cisneros, 37 F.3d 775, 798 (2d Cir. 1994). The claims and/or positions of the named/representative plaintiffs are evaluated prior to class certification. In this case, the representative plaintiffs - those currently before the Court - are John Kelsey and Timothy Wright. Neither man was "confined in a jail, prison, or other correctional facility" at the time of filing. See Plntfs' Mem. in Opp. to Defts' Obj. (Dkt. No. 59) at 1.

Thus, in evaluating the claims and status of only those Plaintiffs in this proposed class action, in addition to the submissions of the parties and Judge Homer's Order, this Court finds that Judge Homer's determination that an amendment concerning an Affirmative Defense under PLRA § 1997e(e) would be futile was neither clearly erroneous nor contrary to law. Furthermore, Judge Homer did not abuse his discretion in denying leave to amend the pleadings.

### III. Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendants' Objections (Dkt. No. 41) to Judge Homer's August 5, 2005 Memorandum-Decision and Order are **OVERRULED**, and said Memorandum-Decision and Order (Dkt. No. 40) is **AFFIRMED in its ENTIRETY**; and it is further

**ORDERED**, that Defendants **WILL NOT** be permitted to amend their Answer to assert an Eighth Affirmative Defense at paragraph 39 of the pleading; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED.**

DATED:  November 16, 2005
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge