UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHN KELSEY and TIMOTHY WRIGHT,
both individually and on behalf of a class of
others similarly situated,

                        Plaintiffs,

   -against-                                    1:04-CV-299
                                                          (LEK/DRH)

THE COUNTY OF SCHOHARIE,
JOHN S. BATES, JR., both individually
and in his official capacity as Sheriff of the
County of Schoharie, and JIM HAZZARD,
both individually and in his capacity as
Administrator of the Schoharie County Jail,

                        Defendants.

## MEMORANDUM-DECISION AND ORDER

      Presently before the Court is a Motion by Defendants John S. Bates, Jr., Schoharie County Sheriff, Lieutenant Jim Hazzard, Schoharie County Jail Administrator, and Schoharie County (collectively "Defendants") to certify for immediate appeal pursuant to 28 U.S.C. § 1292(b) this Court's Memorandum-Decision and Order of February 21, 2007 ("February 2007 Order"). Defts' Motion for Appellate Cert. (Dkt. No. 84). The February 2007 Order granted Plaintiffs' Motion to certify this action as a class action, and denied Defendants' Motion for summary judgment. See February 2007 Order (Dkt. No. 82). For the following reasons, the Court denies Defendants' Motion to certify the February 2007 Order for interlocutory appeal.

1

**I.      Background**

Plaintiffs John Kelsey ("Kelsey") and Timothy Wright ("Wright") (collectively "Plaintiffs") filed suit, individually and on behalf of others similarly situated, alleging that the Schoharie County Sheriff's Department ("SCSD") has an unconstitutional policy and/or practice of strip searching all individuals, including those charged with misdemeanors or held on civil matters, who enter the Schoharie County Jail ("SCJ") regardless of the crime with which they are charged.  Compl. (Dkt. No. 1) at ¶ 1.  The Court presumes familiarity with the facts of this action, which are contained in the February 2007 Order.

**II.     Discussion**

Section 1292(b) "allows permissive appeals of non-final interlocutory orders that involve: (1) a controlling question of law over which there is (2) a substantial ground for difference of opinion and which (3) will likely materially advance the ultimate termination of the litigation." Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc., 71 F. Supp. 2d 139, 161 (E.D.N.Y. 1999) (citing 28 U.S.C. § 1292(b)).  Even if the moving party satisfies these criteria, a district court retains "unfettered discretion" to deny certification for appeal.  Id. at 162.  If a district court certifies the order for appeal, however, the court of appeals must also agree to hear the case before an interlocutory appeal can proceed.  Id. at 161.  The Second Circuit "has repeatedly advised [that] section 1292(b) was designed to be a rarely used exception to the final judgment rule."  Id.; see also Ryan v. Fakih, 275 F. Supp. 2d 393, 395 (E.D.N.Y. 2003) (collecting cases).

To determine whether there is a controlling question of law for purposes of section 1292(b), courts consider whether: "reversal of the district court's opinion could result in dismissal of the action; reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action; or, the certified issue has precedential value for a large number of cases." Oxygenated Fuels Ass'n v. Pataki, 204 F. Supp. 2d 337, 340 (N.D.N.Y. 2002) (Mordue, D.J.). Defendants note that if the Second Circuit reversed this Court's decision sustaining Kelsey's and Wright's individual claims, this action would be terminated. See Defts' Mem. of Law (Dkt. No. 84, Attach. 4) at 3. The fact that a reversal of the Court's decision would terminate the case strengthens Defendants' argument for certification. The "question of law" at issue should refer to "a 'pure' question of law that the reviewing court 'could decide quickly and cleanly without having to study the record.'" Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams., 426 F. Supp. 2d 125, 128 (S.D.N.Y. 2005) (quoting Ahrenholz v. Bd. of Trs. of the Univ. of Illinois, 219 F.3d 674, 676-77 (7th Cir. 2000). While the resolution of certain factual disputes are key to disposing of the instant case, Defendants do raise a legal issue as to whether a corrections officer observing an inmate in a state of undress is a "strip search" that must be supported by reasonable suspicion; this issue could be determined without factual development and would dispose of the case. See Defts' Mem. of Law (Dkt. No. 84, Attach. 4) at 4.

However, Plaintiffs argue that there is no substantial ground for difference of opinion with regard to the Court's holding that observing an inmate newly admitted on a non-felony charge in a state of undress is a "strip search" that must be supported by reasonable suspicion. Plntfs' Mem. in Response (Dkt. No. 86, Attach. 4) at 3. In order to determine whether there is

3

"substantial ground for difference," the Court "must analyze the strength of the arguments in opposition to the challenged ruling, and determine whether there is 'substantial doubt' that the district court's order was correct." In re Methyl Tertiary Butyl Ether Prods. Liab. Litig., 399 F. Supp. 2d 320, 322-323 (S.D.N.Y. 2005) (internal citations and quotations omitted).  As explained in the February 2007 Order, the Court's holding is consistent with Circuit precedent and Judge Hurd's decision in Marriot v. County of Montgomery, 227 F.R.D. 159 (N.D.N.Y. 2005), aff'd No. 05-1590-cv, 2005 U.S. App. LEXIS 25428 (2d Cir. Nov.22, 2005).  See February 2007 Order (Dkt. No. 82) at 13-15.

However, Defendants, as they did in their Motion for summary judgment, argue that the oral decision in Steinberg v. County of Rockland, No. 04-CV-4889 (S.D.N.Y. May 20, 2005), Dkt. No. 84, Attach. 3, and decisions by the U.S. Courts of Appeal for the First and Seventh Circuits reach different conclusions than the Court's Order and represent substantial ground for difference with that Order.  See Defts' Reply (Dkt. No. 87, Attach. 1) at 2.  However, the Court does not believe that the cases relied on by Defendants support their contention; nor would the existence of a limited number of dissenting and non-binding decisions "present 'the exceptional circumstances' justifying an interlocutory appeal."  Richards v. FleetBoston Fin. Corp., No. 3:04-cv-1638 (JCH), 2006 U.S. Dist. LEXIS 77150, at *6 (D. Conn. Oct. 16, 2006) (quoting Flor v. Bot Fin. Corp., 79 F.3d 281, 284 (2d Cir. 1996) (finding that circumstances did not justify certifying an interlocutory appeal despite recent Seventh Circuit and Southern District of New York decisions conflicting with the court's previous ruling).  Therefore, the Court finds that there is not "substantial doubt" that its Order was correct, and judicial resources would be conserved by avoiding an interlocutory appeal before the facts of the case are fully settled.  Accordingly, the

4

Court declines to certify its February 2007 Order for interlocutory appeal.

### III. Conclusion

Accordingly, it is hereby

**ORDERED**, that Defendants' Motion to certify the February 2007 Order for interlocutory appeal (Dkt. No. 84) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED.**

DATED:   May 24, 2007
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge