UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHN KELSEY and TIMOTHY WRIGHT,
both individually and on behalf of a class of
others similarly situated,

                Plaintiffs,

  -against-                                              1:04-CV-299
                                                           (LEK/DRH)

THE COUNTY OF SCHOARIE, JOHN S.
BATES, JR., both individually and in his official
capacity as Sheriff of the County of Schoharie, and
JIM HAZZARD, both individually and in his capacity
as Administrator of the Schoharie County Jail,

                Defendants.

**ORDER**

Before this Court is a letter motion from the County of Schoharie, John S. Bates, and Jim Hazzard ("Defendants") objecting to Plaintiffs' request to waive a jury trial in this matter. Dkt. No. 100. Plaintiffs timely requested a trial by jury in the Complaint. Dkt. No. 1. At a conference held on December 19, 2007, Plaintiffs raised the jury trial as an issue they would be reconsidering, and the docket entry for the conference indicates that a decision on whether this case would be trial as a bench trial would be due by April 1, 2008. Dkt. No. 97. On March 27, 2008, Plaintiffs submitted a letter motion requesting waiver of their previously requested jury trial, which was "so ordered" by the Court. Dkt. Nos. 98, 99. Both parties have since submitted letter briefs in response. Dkt. Nos. 101, 102.

Rule 39(a) of the Federal Rules of Civil Procedure prescribes a ceremony to surround a

1

waiver of jury trial, stating that: "The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury..." Fed.R.Civ.P. 39(a).  The Second Circuit has made clear that Rule 39(a) thus "assures that the precious right to a jury trial will not be frittered away by casual findings of waiver." Tray-Wrap, Inc. v. Six L's Packing Co., 984 F.2d 65, 67 (2d Cir. 1993).  In addition to the waiver that conforms exactly with Rule 39(a), the right to jury trial may be waived by the conduct of the parties.  Royal American Managers, Inc. v. IRC Holding Corp., 885 F.2d 1011, 1018 (2d Cir. 1989) (holding that plaintiff waived right to jury trial on issues that were not submitted to jury by participating without objection in bench trial of those issues), McCarthy v. Bronson, 906 F.2d 835, 841 (2d Cir. 1990) (consent to engage in bench trial before magistrate waives jury trial).  Nevertheless, waivers of a jury trial are to be "scrutinized with the utmost care" and "the conduct said to constitute a waiver must be clear and unequivocal, as waivers are never to be lightly inferred." Tray-Wrap, 984 F.2d at 67-68.

      Based on Defendants' objection a week after Plaintiffs' request to waive their previously requested jury trial, the Court finds that Defendants did not waive their right to a jury trial. Parties are entitled to a trial by jury regardless of which party makes the initial demand. Goldman Sachs & Co. v. Edelstein, 494 F.2d 76, 77 (2d Cir. 1974) (per curiam).  Once a jury demand has been made, it need not be repeated, and the other parties may rely upon the initial demand.  Dell'Orfano v. Romano, 962 F.2d 199, 202 (2d Cir. 1992); Patterson v. Coughlin, 905 F.2d 564, 570-71 (2d Cir. 1990).

In addition, per the letter brief of Defendants dated April 10, 2008 (Dkt. No. 102), the Court hereby grants an adjournment of the June 16th, 2008 trial date until September 16, 2008 due to the pending Second Circuit case involving the issue of qualified immunity and the other pending cases potentially affecting the Court's February 21, 2008 Class Certification Order.

Accordingly, it is hereby

**ORDERED**, that this case will go forward as a jury trial; and it is further

**ORDERED**, that the letter request and Order filed on April 2, 2008 (Dkt. No. 99) are hereby **SUPERSEDED**; and it is further

**ORDERED**, that the June 16th, 2008 trial date is **ADJOURNED** until September 16, 2008 and pretrial submissions will be due September, 8, 2008; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED.**

DATED:    April 14, 2008
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge